GEORGE L. GALBRAITH'S ADMR. *v.* PHOEBE S. GALBRAITH.

[Abstract Kentucky Law Reporter, Vol. 5—857.]

**Antenuptial Contract.**

> An antenuptial contract will not prevent a husband from giving property to his wife, and where during his lifetime she has some notes which she claims to have received as a gift from her husband and he knew about it and made no objection, but thereafter by his will directed his executor to not exercise any control over her property, all these circumstances tend to show a gift to her of the notes.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

April 17, 1884.

OPINION BY JUDGE HARGIS:

There can be no doubt about the law of the case. It may be found in *Thomas v. Harkness,* 13 Bush (Ky.) 23, and authorities therein cited. The only question is, Did the husband deliver the four notes in controversy to his wife as a gift? The antenuptial agreement between them anticipated that he might wish to make her gifts and provided for it in this language, following her exclusion from participation in his personal estate, "unless some part thereof be given by him to her" by will or act done subsequently to the execution of the agreement.

Her husband knew she had the notes in her possession claiming them as her own for some time before his death and he made no objection to it, but proclaimed his intention to give them to her and also declared he had done so. By his will he said he wished his executor to exercise no control over her property, whether owned before or acquired by her after the marriage. She had possession of the notes when the administrator demanded them. These facts and circumstances are sufficient, when minutely considered, to establish the delivery of the notes to her by her husband. They are not overborne by the unsatisfactory conflict introduced by appellant's witness, whose statements are neutralized by the circumstances connected with them and their direct contradiction by the appellee. It is not necessary to add other corroborating inferences which ought to be drawn from the record to sustain the gift of the notes and their manual delivery, which we are convinced were made by the husband.

The judgment is therefore *affirmed.*

*Muir & Heyman, for appellant.*

*Isaac Caldwell, Isaac Palmer Caldwell, for appellee.*